UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM LAWLOR, <br><br> Plaintiff, <br><br> -against- <br><br> BENCHMARK EDUCATION COMPANY LLC and THOMAS REYCRAFT, <br><br> Defendants. | Case No. 21-CV-5425 (NSR) <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AND STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER** |

WHEREAS, William Lawlor ("Plaintiff"), and Benchmark Education Company LLC and Thomas Reycraft (referred to collectively as "Defendants") (Plaintiff and Defendants, individually a "Party" and collectively the "Parties") hereby agree and stipulate to this Stipulation and Protective Order for the Production and Exchange of Confidential Information pursuant to Federal Rule of Civil Procedure 26(c), and Federal Rule of Evidence 502(d) and (e) Clawback Stipulation and Order, as follows:

WHEREAS, the Parties, through counsel, agree that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, personally identifiable information, medical records, Protected Health Information ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA") and information, documents and other materials;

WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein;

WHEREAS, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data, and other information (collectively "Documents") against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Party discovery request or informal production; and,

WHEREAS, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so;

WHEREAS, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a)     was not inadvertent by the Producing Party (as defined *infra*);

(b)     that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c)     that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d)     that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval;

THEREFORE, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED AND HEREBY ORDERED THAT:

1.      This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

2.      Any person subject to this Order—including without limitation the Parties (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt.

3.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action, including responses to interrogatories under Fed. R. Civ. P. 33) that a person has designated as "Confidential" pursuant to this Order, no person subject  to this Order may disclose such Confidential Discovery Material to anyone else except as this Order  expressly permits.

4.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously non-public material relating to ownership or control of any non-public company;

(c)     trade secrets or proprietary or confidential business information concerning the Company, including, but not limited to, previously non-public documents or information related to the Company's costs, profits, markets, marketing strategies, sales, financial statements, records or data, customers or vendors, policies or procedures, or any other documents or information maintained by the Company on a confidential basis;

(d)     any information of a personal or intimate nature regarding any individual, including, but not limited to, personnel records, medical records, payroll or compensation records, performance, disciplinary or investigation records, leaves and benefits information, or records containing social security numbers, addresses, telephone numbers, demographic information or other sensitive or personal identifying information, including Protected Health Information ("PHI") pursuant to HIPAA and information subject to any law, rule or regulation concerning the protection of personal health information, patient confidentiality or otherwise; or

(e)     any other category of information this Court subsequently affords confidential status.

5.     With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion

as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during  the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within twenty-five (25) business days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the twenty-five (25) business-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7.      If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential."

8.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver of a Party's right to review Documents, including for responsiveness and privilege; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including in-house counsel, any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called, or is called, to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

10.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request by opposing counsel.

11.     Any Party may move to file documents under seal but must simultaneously file with the Court a letter brief and supporting declaration justifying——on a particularized basis——the continued sealing of such documents.

12.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court with the burden on the Party seeking additional limitations on disclosure to file a motion for such additional limits.

15.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.     Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)     In the event that either party makes an affirmative decision knowingly to disclose a communication between the party and legal counsel for the party (either inside or outside counsel), the party will, at the time of such disclosure, identify the communication by Bates number, state whether the party deems the communication privileged or non-privileged and provide an explanation as to the basis for disclosure if communication is considered to be privileged.

(c)     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(d)     If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

  (i)     the Receiving Party shall promptly and in good faith notify the Producing Party in writing or on the record at a deposition that it has reason to believe such Documents that may privileged or protected including specifically identify the Protected Documents by Bates number range and shall refrain from use or disclosure of said Documents for a period of ten (10) days or until the Producing Party notifies the Receiving Party it intends to assert a claim of privilege or other protection over said Documents as set forth in subsection (ii) of this sub-Paragraph. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

  (ii)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis

for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(iii)    Upon notification from the Producing Party that it intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as potentially privileged or protected Documents, the Receiving Party shall return, sequester or destroy all copies of said Documents maintained by the Receiving Party.

(d)    If, during the course of this litigation, a Party determines it has produced a Protected Document:

(i)    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the

Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)    The Receiving Party must, within five (5) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(i)      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)     the disclosure of the Protected Documents was not inadvertent;

(iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)     Either Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.

(i)     Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

(j)     By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rule of Evidence 502(d) and (e).

17.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such  Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.     Within sixty (60) days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return such material in its custody, possession or control—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material in its possession, custody or control— including all copies  thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies,  abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute  Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding  upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt

thereof.

21.     This Order may be modified or amended by agreement of the Parties for good cause

shown or by further Order of the Court.

22.     Once executed by all Parties, the Stipulation shall be by treated by the Parties as an

Order of Court until it is formally approved by the Court.


**SO STIPULATED AND AGREED.**

Dated:  August 2, 2022                                    August 1, 2022
          New York, New York                           New York, New York



_____                    _____/s/ Liran Messinger_____
By:  Robert L. Levy                                    By:  Eric D. Witkin
     Sherie N. Buell                                        Liran Messinger

Bantle & Levy LLP                                    Littler Mendelson, P.C.
99 Park Avenue, Suite 1510                        900 Third Avenue, 8th Floor
New York, NY 10016                                New York, NY  10022
levy@civilrightsfirm.com                          ewitkin@littler.com
buell@civilrightsfirm.com                         lmessinger@littler.com
*Attorneys for Plaintiff*                             *Attorneys for Defendants*


SO ORDERED:

_____
Hon. Paul E. Davison, U.S.M.J.
8/2/22

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM LAWLOR,<br><br>                     Plaintiff,<br><br>    -against-<br><br>BENCHMARK EDUCATION COMPANY LLC<br>and THOMAS REYCRAFT,<br><br>                    Defendants. | Case No. 21-CV-5425 (NSR)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AND STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER** |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order and Stipulated FRE 502(d) and (e) Clawback Order (the "Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it or destroy it as set out in the Order. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

Signed: _____

Name (print) _____